UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS A. HARDY,                )
                                )
        Petitioner,              )
                                )
    v.                           )    CAUSE NO. 3:18-CV-619-JD-MGG
                                )
WARDEN,                          )
                                )
        Respondent.              )

OPINION AND ORDER

Marcus A. Hardy, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 18-06-194) where a Disciplinary Hearing Officer ("DHO") found him guilty of battery in violation of Indiana Department of Correction (IDOC) policy A-102. ECF 1 at 1. As a result, Hardy was sanctioned with the loss of 120 days earned credit time, a one-step demotion in credit class, and a fourteen-day loss of earned credit time from another disciplinary case. *Id*. The Warden has filed the administrative record and Hardy filed a traverse. Thus, this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

In this case, Hardy was charged with and found guilty of violating IDOC offense A-102, which prohibits an inmate from "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. *See* https://www.in.gov/idoc/

2

files/02-04-101%20Appendix%20I%206-4-2018.pdf.

Officer Charles Ritchey wrote a conduct report charging Hardy as follows:

> Offender Hardy 159330 passed through the Recreation gate returning from chow [sic] He was shaking his finger at me and saying something I couldn't make out. I asked Sgt. Smith to stop the offender wearing earrings and get his name and cell location. A few minutes later Offender Hardy 159330 was walking from Check point 2 to the Recreation gate area without the earrings on. I told Offender Hardy 159330 to stop and not come any closer. I told Offender Hardy 159330 to return to his shelter multiple times, Offender Hardy 159330 said he wasn't going anywhere. I told him he could return to his shelter of his own accord or be escorted to his shelter. Again Offender Hardy 159330 refused to leave the area. I attempted to place handcuffs on Offender Hardy 159330. Offender Hardy 159330 struck me in the face multiple times. Offender Hardy 159330 was restrained b[]y staff and escorted out of the area.

ECF 6-1 at 1. Officer Smith prepared the following memorandum about the incident:

> On [June 16, 2018], I, Sergeant David Smith was working on Main Street when offender Marcus Hardy assaulted Ofc. Ritch[ey] outside the recreation gate. When I saw the offender and officer arguing I started walking towards the situation. Officer Ritch[ey] pulled out his cuffs grabbed the offender and then the offender pulled away and struck Ofc. Ritch[ey] with a closed fist. Ofc. Ritch[ey] then began defending himself. I sprayed the offender and cuffed him then I escorted him to MSU. Once at MSU the offender refused medical treatment and was given a ten minute decontamination shower by Sergeant Statham.

ECF 6-2 at 1. A confidential incident report was also completed. ECF 8 at 1-10.

On June 20, 2018, Hardy was notified of the A-102 charge and served with a copy of the conduct and screening reports. ECF 6-1 at 1; 6-3 at 1. After being notified of his rights, he pled guilty. ECF 6-3 at 1. Hardy did not request a lay advocate, witnesses, or physical evidence. *Id*.

3

Hardy's hearing was held on June 22, 2018. ECF 6-4 at 1. Hardy pled guilty and did not provide a statement. *Id*. On the basis of the conduct report, the confidential incident report, and Hardy's guilty plea, the DHO found him guilty of offense A-102. *Id*. He was sanctioned with the loss of 120 days earned credit time, a one-step demotion in credit class, and a fourteen day loss of earned credit time from another disciplinary case. *Id*.

On July 5, 2018, Hardy appealed the DHO's unfavorable decision by filing a first-level appeal with the facility head. ECF 6-5 at 1. Because the first-level appeal was denied, Hardy filed a second-level appeal with IDOC's Final Reviewing Authority. ECF 6-6 at 1. On July 21, 2018, Robert D. Bugher, an attorney, who works for the Legal Services Division of IDOC's Final Reviewing Authority, sent Hardy a letter amending the initial A-102 charge. *Id*. In the letter, he stated that "it appears the reported conduct more closely applies to a violation of A117, Assault on Staff." *Id*. However, Mr. Bugher did not modify the sanctions when he amended the charge. *Id*. On August 13, 2018, Hardy filed his habeas corpus petition with this court. ECF 1. About a month later, on September 24, 2018, Mr. Bugher sent Hardy a second letter in which he amended the violation to offense A-102 because the "conduct report [was] quite clear and supports the charged violation." ECF 6-8 at 1.

In his petition, Hardy argues there was insufficient evidence for the DHO to find him guilty. ECF 1 at 2-3. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the

case here. In the conduct report, Officer Ritchey documented that, on June 16, 2018, Hardy struck him in the face multiple times when he attempted to place Hardy in handcuffs. ECF 6-1 at 1. Sergeant Smith, who observed the incident, described Hardy as striking Officer Ritchey with a closed fist. ECF 6-2 at 1. The confidential incident report in this case provides further collaboration that Hardy assaulted Officer Ritchey. ECF 8 at 1-10. Given Officer Ritchey's conduct report detailing the assault, Sergeant Smith's description of the assault, the confidential incident report, and Hardy's guilty plea, there was more than "some evidence" for the DHO to find Hardy guilty of violating offense A-102.

Nevertheless, Hardy argues there was insufficient evidence for the DHO to find him guilty. ECF 1 at 2. In his petition, he asserts that he did not violate offense A-102 when he struck Officer Ritchey in the face because he did not use a weapon to assault him or seriously injure him. *Id*. However, in asserting his position, Hardy relies on an outdated definition of A-102—one that was in effect in June 2015—requiring the use of a weapon or serious bodily injury. But this was not how battery was defined when Hardy was charged in June 2018. At that time, all that was required to satisfy offense A-102 was for Hardy to "[k]nowingly or intentionally touch[] another person in a rude, insolent, or angry manner." *See* Appendix I, https://www.in.gov/idoc/files/02-04-101 %20Appendix%20I%206-4-2018.pdf. Because Hardy's conduct satisfies the criteria for battery that was in effect at the time he was charged with the offense, his argument lacks merit.

5

Furthermore, Hardy asserts there was insufficient evidence to find him guilty of violating offense A-117, because that offense also requires serious bodily harm. ECF 1 at 2. However, Hardy was not found guilty of offense A-117. At one point, IDOC's Final Reviewing Authority notified Hardy that it had modified the original A-102 offense to a violation of offense A-117. ECF 6-6 at 1. However, the Final Reviewing Authority could not have modified the original A-102, offense to offense A-117, because the IDOC implemented Executive Directive # 17-69, in September 2017, which rescinded offense A-117. ECF 6-11 at 1-3. While the Final Reviewing Authority erroneously modified Hardy's original A-102 offense, it corrected that mistake on September 24, 2018, when it reinstated the original offense. ECF 6-8 at 1. Therefore, Hardy's argument here must be rejected.

In sum, because the DHO's finding was neither arbitrary nor unreasonable in light of the facts presented in this case, Hardy's challenge to the sufficiency of the evidence is without merit and does not provide a basis for habeas corpus relief.

If Hardy wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F. 3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Marcus A. Hardy's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on January 8, 2020

                                                                         /s/JON E. DEGUILIO
                                                                         JUDGE
                                                                         UNITED STATES DISTRICT COURT